**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

In re:                                                          Chapter 11

NORTHERN BOULEVARD AUTOMALL, LLC,                Case No. 19-41348-nhl
d/b/a LONG ISLAND CITY VOLKSWAGEN,

                                Debtor.

-------------------------------------------------------------------------X

MAGIC MAJOR AUTO, INC.,

                Plaintiff                         Adv. Pro. No. 19-01152-nhl

      -against-

NIKOLAOS LETSIOS, NORTHERN BROADWAY
AUTO, LLC, RESPECT AUTO QUEENS I LLC,
MAYORS AUTO GROUP LLC,

              Defendants.

-------------------------------------------------------------------------X

### ANSWER AND AFFIRMATIVE DEFENSES OF RESPECT AUTO QUEENS I LLC TO  COMPLAINT, AND CROSS CLAIMS AGAINST OTHER DEFENDANTS

      Defendant Respect Auto Queens I LLC ("Respect"), by its attorneys Barclay Damon LLP, hereby submits its Answer and Affirmative Defenses to the Complaint of the Plaintiff Magic Major Auto, Inc. ("Magic Major"), and asserts Cross Claims against Defendants Nikolaos Letsios ("Letsios") and Northern Broadway Auto, LLC ("Northern Broadway").  For its Answer to the Complaint of Magic Major, Respect states as follows:

### "PARTIES"

      1.     Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 1 of the Complaint.

      2.     Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 2 of the Complaint.

      3.     Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 3 of the Complaint.

4.      Respect denies the allegations in paragraph 4 of the Complaint except admits that Respect is a limited liability company formed and existing under the laws of the State of New York.

5.      Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 5 of the Complaint.

## "FACTS RELEVANT TO ALL CAUSES OF ACTION"

6.      Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 6 of the Complaint.

7.      Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 7 of the Complaint.

8.      Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 6 of the Complaint.

9.      Respect is without knowledge or information sufficient to form a belief as to the truth  of the allegations in paragraph 9 of the Complaint.

10.      Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 10 of the Complaint.

11.      Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 11 of the Complaint.

12.      Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 12 of the Complaint.

13.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 13 of the Complaint.

14.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 14 of the Complaint.

15.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 15 of the Complaint.

16.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 16 of the Complaint.

17.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 17 of the Complaint, except admits the existence of a document entitled Amendment to Agreement, which states that it was entered into as of  August 29, 2016 by and among   Magic Major Auto, Inc.,  Letsios, Northern Broadway and Mayors Auto Group LLC (a copy of which is attached as Exhibit A to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl).

18.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 18 of the Complaint, except admits the existence of a document entitled Amendment to Agreement (a copy of which is attached as Exhibit A to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl), which refers to an increase of a Payment from $600,000 to $655,000.

19.    Respect is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraph 19 of the Complaint, except admits the existence of a document entitled Amendment to Agreement (a copy of which is attached as Exhibit A to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl),  which refers to an increase of weekly payments to $3,237.17.

20.    Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admits the existence of a document entitled Amendment to Agreement (a copy of which is attached as Exhibit A to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl), which refers to guarantees of payment obligations of Letsios by Northern Broadway and Mayors Auto Group LLC.

21.    Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admits the existence of a lease, made as of August 29, 2016 between Rustin Realty Corp., as Owner, and Northern Broadway as Tenant, of Premises known as 53-21 Northern Boulevard, Woodside, New York (a copy of which is included within Exhibit C-Part 2 to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl).

22.    Respect admits the allegations in paragraph 22 of the Complaint and refers to the document entitled Contract for Assumption of Lease and Services to be Provided, dated March 26, 2019, executed by Nikolaos Letsios, Northern Broadway and Respect (a copy of which is included within Exhibit C-Part 2 to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl in this Court).

23.    Respect denies the allegations in paragraph 23 of the Complaint and affirmatively states that Respect has no obligation to the Plaintiff herein.

24.    Respect admits the allegations in paragraph 24 of the Complaint.

25.    Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and affirmatively states that Respect has no obligation to the Plaintiff herein.

26.    Respect denies so much of the allegations in paragraph 26 of the Complaint as concern Respect, and is without knowledge or information sufficient to form a belief as to the truth  of  the remaining allegations in paragraph 26 of the Complaint.

27.    Respect denies so much of the allegations in paragraph 27 of the Complaint as concern Respect, and is without knowledge or information sufficient to form a belief as to the truth  of  the remaining allegations in paragraph 27.

## "AS AND FOR A FIRST CAUSE OF ACTION
### (Against Letsios for Breach of Contract)"

28-31.    Respect is not named in the First Cause of Action and therefore no answer is required from Respect to paragraphs 28-31 of the Complaint. To the extent such an answer is called for, Respect repeats its responses to the allegations in paragraphs 1 through 36 of the Complaint as and for its response to paragraph 28 of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraphs 29-31 of the Complaint.

## "AS AND FOR A SECOND CAUSE OF ACTION
### (Against Letsios for Breach of Guaranty)"

32-36.    Respect is not named in the Second Cause of Action and therefore no answer is required from Respect to paragraphs 32-36 of the Complaint. To the extent such an answer is called for, Respect repeats its responses to the allegations in paragraphs 1 through 31 of the Complaint as and for its response to paragraph 32 of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth  of  the allegations in paragraphs 33-36 of the Complaint.

## "AS AND FOR A THIRD CAUSE OF ACTION
### (Against Letsios and Northern for Unjust Enrichment)"

37-42.    Respect is not named in the Third Cause of Action and therefore no answer is required from Respect to paragraphs 37-42 of the Complaint. To the extent such an answer is called for, Respect repeats its responses to the allegations in paragraphs 1

through 36 of the Complaint as and for its response to paragraph 37 of the Complaint, admits so much of paragraph 39 of the Complaint as alleges that Northern Broadway entered into a lease with Rustin Realty Corp., and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 38-42 of the Complaint.

### "AS AND FOR A FOURTH CAUSE OF ACTION
**(Against Northern, for Breach of Contract and Guaranty)"**

43-48.    Respect is not named in the Fourth Cause of Action and therefore no answer is required from Respect to paragraphs 43-48 of the Complaint. To the extent such an answer is called for, Respect repeats its responses to the allegations in paragraphs 1 through 42 of the Complaint as and for its response to paragraph 43 of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 44-48 of the Complaint.

### "AS AND FOR A FIFTH CAUSE OF ACTION
**(Against Mayors for Breach of Guaranty)"**

49-54.    Respect is not named in the Third Cause of Action and therefore no answer is required from Respect to paragraphs 49-54 of the Complaint. To the extent such an answer is called for, Respect repeats its responses to the allegations in paragraphs 1 through 48 of the Complaint as and for its response to paragraph 49 of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 50-54 of the Complaint.

### "AS AND FOR A SIXTH CAUSE OF ACTION
**(Against All Defendants for Attorneys' Fees, Costs and Interest)"**

55.    Respect repeats its responses to the allegations in paragraphs 1 through 54 of the Complaint as and for its response to paragraph 55 of the Complaint.

56.      Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and affirmatively states that Respect is not a party to the referenced "Letsios Agreement" and has no obligations thereunder.

57.      Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, affirmatively states that Respect is not a party to the "Amendment" referred to in paragraph 57 of the Complaint and has no obligations thereunder, and further affirmatively states that the document entitled Amendment to Agreement (a copy of which is attached as Exhibit A to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl in this Court) makes no reference to attorneys' fees, costs or interest.

58.      Respect denies the allegations in paragraph 58 of the Complaint.

59.      Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.      Respect is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

### **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

61.      The Complaint fails to state a claim upon which relief may be granted against Respect.

### **Second Affirmative Defense**

62.      All of the Plaintiff's causes of action are based on obligations of Defendants other than Respect.

### **Third Affirmative Defense**

63.      There is no contractual relationship or agreement between the Plaintiff and Respect. Plaintiff has no privity with Respect and lacks standing to sue Respect.

### Fourth Affirmative Defense

64.     Any alleged obligations of defendants Nikolaos Letsios and/or Northern Broadway to pay monies to Plaintiff would at most be incidental to Respect's contract with those defendants (referred to in paragraph 22 of the Complaint).

### Fifth Affirmative Defense

65.     Any obligation that Respect might otherwise have had to pay monies under its contract with Nikolaos Letsios and Northern Broadway (referred to in paragraph 22 of the Complaint) was rendered unenforceable by the fraudulent conduct of those defendants.

### Sixth Affirmative Defense

66.     Any obligation that Respect might otherwise have had to pay monies under its contract with Nikolaos Letsios and Northern Broadway (referred to in paragraph 22 of the Complaint) is subject to set-off and reduction in the amount of the damages caused to Respect by those defendants.

### Seventh Affirmative Defense

67.     Any recovery of monies from Respect under its contract with Nikolaos Letsios and Northern Broadway (referred to in paragraph 22 of the Complaint) is barred by the unclean hands of those defendants.

### Eighth Affirmative Defense

68.     Any obligation that Respect might otherwise have had to pay monies under its contract with Nikolaos Letsios and Northern Broadway (referred to in paragraph 22 of the Complaint) was released and discharged and is unenforceable by reason of Letsios's failure and inability to perform contractual obligations owed to Respect.

### Ninth Affirmative Defense

69.     Any obligation that Respect might otherwise have had to pay monies under its contract with Nikolaos Letsios and Northern Broadway (referred to in paragraph 22 of the

Complaint) was released or is unenforceable by reason of Letsios's failure and inability to perform contractual obligations owed to Respect.

<b><u>Tenth Affirmative Defense</u></b>

70.    Any obligation that Respect might otherwise have had to pay monies under its contract with Nikolaos Letsios and Northern Broadway (referred to in paragraph 22 of the Complaint) ceased to be binding, in whole or in part, because enforcement would violate public policy.

<b><u>Eleventh Affirmative Defense</u></b>

71.     Respect reserves the right to rely on any additional defenses to the Complaint that become available or apparent during discovery proceedings in this action, and respectfully reserve the right to amend this Answer for the purpose of asserting such defenses.

<b><u>CROSS CLAIMS</u></b>

<b><u>FIRST CROSS CLAIM</u></b><br><b>(Against Letsios and Northern Broadway for Fraud)</b>

1.     Pursuant to that certain Lease between Rustin Realty Corp., as Landlord, and Northern Broadway, as Tenant, dated as of August 29, 2016 (a copy of which is included within Exhibit C-Part 2 to the Amended Complaint in Adversary Proceeding No. 19-01045-nhl), Northern Broadway leased the real property located at 53-21 Northern Boulevard, Woodside, New York (the "Premises").

2.     On or about March 26, 2019, Northern Broadway assigned the leasehold interest in the Premises to Respect, and the Landlord consented to the assignment. Copies of that Assignment and Consent to Assignment are included within Exhibit C-Part 2 to the Amended Complaint in said Adversary Proceeding No. 19-01045-nhl.

3.     In the weeks prior to the assignment of the Lease as aforesaid on or about March 26, 2019, Letsios advised representatives of Respect that, in consideration for such an assignment of the Lease and for the provision of future consulting services by Letsios to

9

Respect over an eighteen month period, Letsios and/or Northern Broadway were seeking (a) approximately $105,000 at the time of such an assignment, (b) future payments aggregating approximately $150,000 over time, commencing approximately 7 months after such an assignment, (c) 25% of net profits of a business to be operated at the Premises over a seven year period (or alternatively, at Respect's election, $150,000 payable over time), (d) approximately $250,000, payable at the rate of $3,237.17 per week (which Letsios represented to be the amounts of payments due from Letsios and from Northern Broadway to one of their creditors).

4.    In the weeks prior to the assignment of the Lease as aforesaid, representatives of Respect sought assurances from Letsios and Northern Broadway concerning the non-existence of any claims, third-party interests or other circumstances that could possibly interfere with Respect's use of the Premises or cause Respect to face the prospect of any liability, damages or additional costs by entering into the proposed transaction.

5.    Letsios responded by stating to Respect's representatives that no party other than Northern Broadway had or could assert any interest in the leasehold of the Premises or could assert any claim against Respect if it entered into the proposed transaction.

6.    Letsios made those representations both in his individual capacity and on behalf of Northern Broadway for the purpose of fraudulently inducing Respect to enter into the proposed transaction.

7.    Letsios's representations that no party other than Northern Broadway had or could assert any interest in the leasehold of the Premises or could assert any claim against Respect if it entered into the proposed transaction were false, and were known by Letsios to be false at the time he made them.

8.    Letsios knew, for example, that Northern Boulevard Automall LLC, the Debtor herein ("Northern Boulevard") or its bankruptcy estate could assert an interest in the leasehold

of the Premises and could embroil Respect in protracted and expensive litigation if it entered into the proposed transaction.

9.      Also in the weeks preceding the assignment of the Lease as aforesaid, Representatives of Respect sought assurances from Letsios and Northern Broadway concerning the non-existence of any claims, third-party interests other circumstances that could possibly interfere with that Letsios' ability to perform the proposed consulting services.

10.      Letsios responded by stating to Respect's representatives that he had the unfettered right and ability to operate a car dealership at the Premises without violating any obligations to any person or entity and without causing Respect to face the prospect of any liability, damages or additional costs by reason of his doing so.

11.      Letsios made those representations both in his individual capacity and on behalf of Northern Broadway for the purpose of fraudulently inducing Respect to enter into the proposed transaction.

12.      Letsios's representations that he had the unfettered right and ability to be involved in the operation of a car dealership at the Premises without violating any obligations to any person or entity and without causing Respect to face the prospect of any liability, damages or additional costs were false, and were known by Letsios to be false at the time he made them.

13.      Letsios knew, for example, that Northern Boulevard, the Debtor herein, or its bankruptcy estate could attack Letsios' involvement in the operation of a car dealership at the Premises as a violation of Letsios' obligations to the Debtor, and that Letsios thus lacked the unfettered ability to perform the consulting services for which he was seeking payment from Respect under the proposed transaction.

14.      Respect reasonably relied upon Letsios's representations to its detriment by entering into the proposed transaction, including, inter alia, by entering into the March 26,

2019 Contract with Letsios and Northern Broadway, referred to in paragraph 22 of the Complaint of the Plaintiff in the main action herein.

15.      By reason of the fraudulent conduct of Letsios and Northern Broadway, as aforesaid, Respect has suffered damages in an amount believed to be not less than $500,000.

16.      Respect has elected to retain its Lease of the Premises while seeking to recoup the damages caused by the fraudulent conduct of Letsios and Northern Broadway.

**SECOND CROSS CLAIM**
**(Against Letsios and Northern Broadway for Breaches of Contract, including Breach of the Implied Covenant of Good Faith and Fair Dealing)**

17.      Respect repeats, realleges and restates each and every allegation set forth in paragraphs 1 through 16 of these Cross-Claims as if fully set forth in their entirety herein.

18.      On or about March 26, 2019, Respect entered into a contract with Letsios and Northern Broadway (the "Contract") which included a document entitled Contract for Assumption of Lease and Services to be Provided (the "Lease and Services Agreement").

19.      Pursuant to the Contract, Letsios undertook and agreed, *inter alia*, to provide Respect with valuable consulting services in connection with the ownership and operation of a used automobile sales business to be operated at the Premises (53-21 Northern Boulevard, Woodside, New York).

20.      Letsios and Northern Broadway have breached the Contract, *inter alia*, by the failure and inability of Letsios to provide Respect with the valuable consulting services agreed to in connection with the ownership and operation of a used automobile sales business at the Premises.

21.      One intended benefit of the Contract was that Respect would have the unfettered right and ability to take assignment of a lease of the Premises without violating any obligations to any person or entity and without facing the prospect of any liability, or additional costs not recited in the Contract by doing so.

22.     The Contract contains, as a matter of law, an implied covenant of good faith and fair dealing for Letsios and Northern Broadway not to act in any manner that deprives Respect of the aforementioned benefit.

23.     Letsios and Northern Broadway breached the implied covenant of good faith and fair dealing in the Contract, *inter alia*, by acting in a manner that caused Respect to face the prospect of liability to the Debtor herein, and to incur additional costs not recited in the Contract by Respect's leasing of the Premises.

24.     As a proximate result of Letsios's and Northern Broadway's breaches of the Contract, including breaches of the implied covenant of good faith contained therein, Respect has suffered damages in an amount believed to be not less than $500,000.

WHEREFORE, Respect respectfully requests that judgment be entered in its favor, (b) dismissing the Plaintiff's Complaint as against Respect, (b) awarding damages to Respect and against Letsios and Northern Broadway in an amount to be determined at trial, and (c) granting to Respect such different and further relief as the Court may deem just and proper.

Dated: New York, New York
   February 28, 2020

       BARCLAY DAMON LLP

       By: /s/ Robert K. Gross
         Robert K. Gross, Esq.

       *Attorneys for Respect Auto Queens I, LLC*
       1270 Avenue of the Americas
       Suite 501
       New York, New York 10020
       Tel. No. (212) 782 5800
       rgross@barclaydamon.com

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF             )

        Harrison Gray, being duly sworn, deposes and says:

I am the _Manager_ of Respect Auto Queens I, LLC, a Defendant in the foregoing action. I have read the foregoing Answer and Affirmative Defenses of Respect auto Queens I LLC to Complaint, and Cross Claims Against Other Defendants and am familiar with the contents thereof, and the contents are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based upon my personal experience of the relevant facts and circumstances and my knowledge of the parties to the action.

                                    HARRISON GRAY

Sworn to before me this
_28_ day of February, 2020

NOTARY PUBLIC

SANTIAGO DIAZ
Notary Public - State of New York
NO. 01DI6358262
Qualified in Bronx County
My Commission Expires May 8, 2021